## Lawton, Appellant, *v.* Lawton.

*Attachment  execution—Feigned  issue—Legacy—Assignment  to wife.*

In a feigned issue in an attachment execution proceeding to determine the title to a legacy given to the defendant in the execution, it appeared that defendant was indebted to his wife's mother for money she had loaned to him and his wife, at the solicitation of the wife. It further appeared that he assigned the legacy to his wife for the purpose of enabling her to pay the indebtedness, and that notice of the assignment was served on one of the executors before the attachment execution was issued.

Under such circumstances the wife acquired a good title to the legacy, in favor of her mother, against the execution creditor of her husband.

Argued November 17, 1925.   Appeal No. 269, October T., 1925, by plaintiff, from judgment of C. P. Chester County, January T., 1924, No. 18, in the case of Jay L. Lawton v. B. H. Lawton, J. L. Lawton, Sarah L. Shuff, Laura E. Garrett, Executors of Alice A. Lawton deceased, Garnishees, and Mary I. Lawton, intervening claimant and appellee.   Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.   Affirmed.

Feigned issue in an attachment execution proceeding to determine title to a legacy.   Before Butler, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the intervening claimant.   Plaintiff appealed.

*Error assigned* was the order of the court.

George B. Johnson, for appellant.

No appearance and no printed brief for appellee.

Opinion by Henderson, J., February 26, 1926:
This is a feigned issue in an attachment execution

proceeding to determine the title to a legacy of $800 given by Alice A. Lawton to her son, B. Harry Lawton, who was the defendant in the execution. By agreement of counsel the case was tried by the court without a jury. The fund was claimed by Mary I. Lawton, the wife of B. Harry Lawton, under an assignment made to her by her husband, dated October 11, 1923. Notice of the assignment was served on one of the executors of Alice A. Lawton before the attachment execution was issued. The plaintiff denied the effect of the assignment for the reason that the transfer of the legacy by B. H. Lawton to his wife was without consideration. In reply to this, testimony was presented to show that B. H. Lawton was indebted to Mary B. Miles, the mother of the claimant, to the amount of $900 for money which Mrs. Miles had loaned to him and his wife at the solicitation of the wife; that the assignment of the legacy was made by B. H. Lawton to his wife for the purpose of enabling her to pay the indebtedness which Mrs. Miles held against them, and that it was not a gift by the husband to his wife. The court gave credit to the uncontradicted testimony of the intervening claimant and rendered judgment in her favor. The whole case for the plaintiff in the issue rested on his ability to show that the assignment of the legacy was fraudulent in law as to creditors because a gift by the husband to his wife. The evidence in support of the assignment is not unreasonable; the testimony was clear and direct and convincing to the court. We see no reason therefore to reverse the conclusion reached. If the transaction was as described by Mrs. Lawton, she acquired a good title in favor of her mother against an execution creditor of her husband and the judgment should be sustained.

The assignment is overruled and the judgment affirmed.